IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOARING WIND ENERGY, LLC, <br> TANG ENERGY GROUP, LTD., <br> THE NOLAN GROUP, INC., Keith P. Young, <br> Mitchell W. Carter and. <br> JAN FAMILY INTERESTS, LTD, <br><br>    Movants, <br><br> v. <br><br> CATIC USA, INC. *a.k.a.* AVIC INTERNATIONAL USA, INC., AVIATION INDUSTRY CORPORATION OF CHINA, CHINA AVIATION INDUSTRY GENERAL AIRCRAFT, CO., LTD., AVIC INTERNATIONAL HOLDING CORPORATION, AVIC INTERNATIONAL RENEWABLE ENERGY CORP. and CATIC T.E.D., LTD. *a.k.a.* AVIC INTERNATIONAL, T.E.D. LTD, <br><br>    Respondent. | Civil Action No. 3:15-cv-04033-K |

# MOVANTS' BRIEF IN SUPPORT OF
# MOTION TO CONFIRM ARBITRATION AWARD
# AGAINST RESPONDENT AVIC INTERNATIONAL USA, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

1.     COME NOW Movants SOARING WIND ENERGY, LLC ("Soaring Wind"), TANG ENERGY GROUP, LTD. ("Tang"), THE NOLAN GROUP, INC. ("Nolan"), Keith P. Young, Mitchell W. Carter, and JAN FAMILY INTERESTS, LTD. ("JFI") (collectively "Movants"), and present this *Brief in Support of Motion to Confirm Arbitration Award Against Respondent AVIC INTERNATIONAL USA, INC.* ("the Brief") and would show the following

2.     Movants filed an initiating document entitled *Movant's Motion to Confirm Arbitration Award Against Respondent AVIC International USA, Inc. and Motion to Confirm Arbitration Award Against All Other Respondents* ("the Motion"). As indicated by the title, Movants seek to

prosecute the Motion on two different tracks for the sake of judicial economy and to avoid unnecessary confusion and delay. The first track pertains only to AVIC INTERNATIONAL USA, INC. ("**AVIC USA**") because, as an undisputed signatory, it is uniquely situated. Unlike all other Respondents, AVIC USA signed the Soaring Wind company agreement ("the SWE Agreement") and "clearly and unmistakably" agreed the arbitrators could determine their own jurisdiction. As a result, AVIC USA has no right to an independent review of any evidence.

3.  The second track involves all other Respondents. They differ from AVIC USA in that they (1) are Chinese entities claiming the right to service through the Hague Convention, (2) did not nominally sign the SWE Agreement, (3) were joined in the arbitration on a theory of alter ego, and (4) are entitled to a different standard of review with respect to their status as alter egos.

## SUMMARY OF ANTICIPATED DISPUTE

### A. <u>As to AVIC USA, there are no statutory grounds for modification or vacatur.</u>

4.  Pursuant to the FEDERAL ARBITRATION ACT ("FAA"), arbitration awards are presumed valid and may only be modified or vacated if:

> (1) The award was procured by **corruption**, **fraud**, or **undue means**;
>
> (2) there was evident **partiality** or **corruption** in the arbitrators, or any of them;
>
> (3) the arbitrators were guilty of **misconduct** in refusing to postpone the hearing, upon sufficient cause shown, or in **refusing to hear evidence** pertinent and material to the controversy; or of any other misbehavior by which *the rights of any party have been prejudiced*; or
>
> (4) the arbitrators **exceeded their powers**, or so **imperfectly executed them** that a mutual, final and **definite award** upon the subject matter submitted **was not made**.[1]

---

[1] 9 U.S.C. §10(a) (emphasis added).

None of the available grounds for modification or vacatur apply.

5. Nevertheless, Movants anticipate that AVIC USA will attempt to couch a previous objection – that the agreed procedure for arbitrator selection is a "legal Frankenstein" – in terms of the statutory grounds listed above. AVIC USA previously asserted this argument in an attempt to have the Court tamper with an on-going arbitration.[2] As explained below, however, the Fifth Circuit has already bluntly rejected Respondents' request for a judicial reformation of the arbitration agreement.

   B. <u>It is fair to hold AVIC USA to the agreement it made as "sophisticated and experienced part[y] on advice of highly qualified counsel."</u> [3]

6. Specifically, AVIC USA asked this Court to invalidate the parties' agreement that each disputing member of SOARING WIND ENERGY, LLC ("Soaring Wind") is allowed (and obligated) to designate one member of the arbitration panel. It contended its own lawsuit somehow constituted a "lapse" in the arbitrator-selection process, and sought to reform the SWE Agreement to cast every dispute in terms of two "sides" (rather than "Disputing Members" per the agreement) and to require each of those sides to designate a single arbitrator.

7. This Court dismissed AVIC USA's prior attempt for want of jurisdiction, and AVIC USA appealed. The FIFTH CIRCUIT COURT OF APPEALS affirmed the dismissal and, in dicta, considered the merits of AVIC objection to the arbitrator selection provision. The Court of Appeals pointedly observed that AVIC was inviting the courts to re-write the parties' agreement"

> Simply put, when its position is reduced to its bare essentials, AVIC is asking us to rewrite their agreement's arbitration provision to require that every arbitration among these multiple parties comprise only two "sides." It is apparent from the plain wording of that provision, however, that the agreement contemplates the possibility of there being three or more "sides" among the several parties to the agreement.[4]

---

[2] *AVIC Int'l USA, Inc. v. Tang Energy Group., Ltd.*, 614 F. App'x 218 (5th Cir. 2015) (per curiam).
[3] *Id.* at 219.
[4] *Id.*

8.      The Court concluded that AVIC's proposed interpretation irreconcilably contradicted the language of their agreement:

> More to the point, AVIC's strained interpretation of the arbitration provision would mandate that there be precisely three arbitrators in any and every instance, no more and no fewer – one selected by one "side," a second selected by the other "side," and the third selected by the first two. The unambiguous wording of the arbitration provision eschews such a reading: The agreement expressly contemplates the possibility of (1) an even number of arbitrators (an impossibility under AVIC's proposed, three-only arbitrators interpretation) and (2) adding either one or two more arbitrators to achieve an odd number (also an impossibility under a three-only arbitrator situation).[5]

This Court should follow the logic of the Fifth Circuit and overrule any such objection.

## CONCLUSION AND PRAYER

9.      Movant's have timely requested confirmation and have provided the Court with the arbitration agreement and the award entered by the arbitration panel.  There are no statutory bases for vacating or modifying the award that resulted from an unappealable procedure to which AVIC USA indisputably agreed.  Accordingly, Movants ask the Court to consider the Motion in two phases and grant the Motion and confirm the arbitration award as against AVIC USA.

Respectfully Submitted,

**VINCENT LOPEZ SERAFINO & JENEVEIN, PC**

/s/ *Robert C. Jenevein*
By Robert C. Jenevein
SBN 10617430
bjenevein@vilolaw.com
Brent A. Turman
bturman@vilolaw.com
SBN 24077506
THANKSGIVING TOWER, 41st Floor
1601 Elm Street, #4100
Dallas, Texas 75205
Ph: 214-979-7400
Fx: 214-979-7402

---

[5] *Id*.

Jim Moseley
Texas State Bar No. 14569100
jmoseley@grayreed.com
**GRAY REED & MCGRAW, PC**
THANKSGIVING TOWER, 46th Floor
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135 – Telephone
(214) 953-1332 – Facsimile

Counsel for TANG ENERGY GROUP, LTD. and SOARING WIND ENERGY, LLC.

**MUNSCH HARDT KOPF & HARR, P.C.**

/s/ *Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
E-mail: dperry@munsch.com
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Phone: 214-855-7500
Fax: 214-855-7584

Counsel for THE NOLAN GROUP, INC.

**BELL NUNNALLY & MARTIN LLP**

*/s/ Jeffrey S. Lowenstein*
Jeffrey S. Lowenstein
jeffl@bellnunnally.com
Texas Bar No. 24007574
Jesse A. Okiror
jesseo@bellnunnally.com
Texas Bar No. 24068543
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204-2429
Tel. (214) 740-1400
Fax (214) 740-1499

Counsel for Keith P. Young

SCHEEF & STONE, LLP

By: */s/ Brandi J McKay*
Matthew T. Bracy
State Bar No. 00783699
matt.bracy@solidcounsel.com
Brandi J. McKay
State Bar No. 20503175
brandi.mckay@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75304
Telephone: 214.472.2100
Facsimile: 214.4 72.2150

Counsel for JAN FAMILY INTERESTS, LTD.

THE LAW OFFICES OF DAVID T. DENNEY, PC

By:/s/ *Ashley N. Ahn*
David T. Denney
Texas State Bar No. 24032128
david@denneylaw.com
Ashley N. Ahn
Texas State Bar No. 24050969
ashley@denneylaw.com
8350 N. Central Expressway, Suite 925
Dallas, TX 75206
(214) 739-2900- Telephone
(214) 739-2909- Facsimile

Counsel for MITCHELL W. CARTER

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served upon all Respondents via certified mail, facsimile and email on this 12th day of January, 2016. This includes attorneys who represented all Respondents in the arbitration, as well as Civil Action No. 3:14-cv-03314-K (pending in this Court) and 3:14-cv-02815-K (dismissed by this Court).

/s/ *Robert C. Jenevein*
Robert Jenevein