**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SOARING WIND ENERGY, LLC, TANG ENERGY GROUP, LTD., THE NOLAN GROUP, INC., KEITH P. YOUNG, MITCHELL W. CARTER and JAN FAMILY INTERESTS, LTD., | § § § § § | |
| Movants, | § § | |
| v. | § § | Civil Action No. 3:15-cv-04033-K |
| CATIC USA, INC. *a.k.a.* AVIC INTERNATIONAL USA, INC., AVIATION INDUSTRY CORPORATION OF CHINA, CHINA AVIATION INDUSTRY GENERAL AIRCRAFT CO., LTD., AVIC INTERNATIONAL HOLDING CORPORATION, AVIC INTERNATIONAL RENEWABLE ENERGY CORP., and CATIC T.E.D., LTD. *a.k.a.* AVIC INTERNATIONAL T.E.D., LTD., | § § § § § § § § § § § | |
| Respondents. | § § | |

**BRIEF IN SUPPORT OF RESPONDENT AVIC INTERNATIONAL
TRADE & ECONOMIC DEVELOPMENT, LTD.'S MOTION TO DISMISS
<u>BASED ON LACK OF PERSONAL JURISDICTION</u>**

Steven K. DeWolf
SBN 05671200
DeWOLF LAW, P.C.
10,000 N. Central Expwy., Suite 1405
Dallas, Texas  75231
Telephone:  (214) 615-4170
Facsimile:  (214) 615-4171
Email:  steve@dewolflaw.com

AND

Randall G. Walters
SBN 20819480
randy.walters@wbclawfirm.com
Gregory R. Ave
SBN 01448900
greg.ave@wbclawfirm.com
WALTERS, BALIDO & CRAIN, L.L.P.
Meadow Park Tower, 15th Floor
10440 N. Central Expressway
Dallas, Texas  75231
Telephone:  (214) 347-8310
Facsimile:  (214) 347-8311

*Attorneys for Respondent AVIC International Trade & Economic Development, Ltd.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL BACKGROUND ...................................................................................... 1

III. PROCEDURAL HISTORY ......................................................................................... 3

IV. ARGUMENT AND AUTHORITIES .......................................................................... 3

    A. This Court Must Dismiss Movants' Motion Against AVIC TED Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction. ................................................................................. 3

    B. The Court Lacks General Jurisdiction Over AVIC TED. ....................... 4

    C. The Movants Cannot Establish Specific Jurisdiction in This Matter Either. ........................................................................................ 7

    D. AVIC USA's Contacts with Texas Do Not Provide a Basis for Personal Jurisdiction Over AVIC TED. ............................................... 8

    E. Exercising Jurisdiction Over AVIC TED Would Offend Traditional Notions of Fair Play and Substantial Justice. ..................... 11

V. CONCLUSION ........................................................................................................... 12

## **TABLE OF AUTHORITIES**

Page

**Cases**

*Access Telecomm, Inc. v. MCI Telcomms. Corp.*,
   197 F.3d 694 (5th Cir. 1999) ............................................................................................. 5

*Alpine View Co. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ........................................................................................... 5, 7

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ............................................................................................................ 7

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) .......................................................................................... 5, 6, 8, 11

*Dickson Marine Inc. v. Panalpina, Inc.*,
   179 F.3d 331 (5th Cir. 1999) ............................................................................................. 8

*Franklin v. Burlington N. & Santa Fe R.R. Co.*,
   C.A. No. 4:10-CV-618-Y, 2010 U.S. Dist. LEXIS 126944, 2010
   WL 4877279 (N.D. Tex. Dec. 1, 2010) ............................................................................. 9

*Freudensprung v. Offshore Technical Servs., Inc.*,
   379 F.3d 327 (5th Cir. 2004) ............................................................................................. 8

*Gardemal v. Westin Hotel Co.*,
   186 F.3d 588 (5th Cir. 1999) ............................................................................................. 5

*Globeranger Corp. v. Software AG*,
   C.A. No. 3:11-CV-0403-B, 2013 U.S. Dist. LEXIS 54302 (N.D. Tex.
   Apr. 12, 2013) .................................................................................................................. 11

*Gonzalez v. Bank of America Ins. Servs., Inc.*,
   454 F. Appx. 295 (5th Cir. 2011) ...................................................................................... 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011) ....................................................................................................... 5

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*,
   85 F.3d 201 (5th Cir. 1996) ........................................................................................... 7, 10

*Hargrave v. Fibreboard Corp.*,
   710 F.2d 1154 (5th Cir. 1983) ......................................................................................... 8, 9

*Helicopteros Nacionales De Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ........................................................................................................ 4, 7

# TABLE OF AUTHORITIES
*(cont'd)*

Page

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945) ........................................................... 3

*Johnson v. Verizon Commc'ns Inc.*,
   C.A. No. 3:10-CV-01764-B, 2011 U.S. Dist. LEXIS 38387, 2011
   WL 1343390 (N.D. Tex. Apr. 7, 2011) ........................................................................... 8

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) ....................................................................................... 4, 5

*McFadin v. Gerber*,
   587 F.3d 753 (5th Cir. 2009) ........................................................................................... 7

*McGuire v. Sigma Coatings*,
   48 F.3d 902 (5th Cir. 1995) ............................................................................................. 3

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) ........................................................................................... 7

*Pervasive Software, Inc. v. Lexware GMBH & Co. KG*,
   688 F.3d 214 (5th Cir. 2012) ....................................................................................... 3, 7

*Revell v. Lidov*,
   317 F.3d 467 (5th Cir. 2002) ........................................................................................... 4

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) ........................................................................................... 3

*United States v. Jon-T Chemicals, Inc.*,
   768 F.2d 686 (5th Cir. 1985) ..................................................................................... 9, 10

*Williams v. Portfolio Recovery Assocs., LLC*,
   C.A. No. 3:11-CV-2421-B, 2012 U.S. Dist. LEXIS 169136, 2012
   WL 5986426 (N.D. Tex. Nov. 29, 2012) ....................................................................... 8

**Statutes**

28 U.S.C. § 1919 ................................................................................................................ 12

**Rules**

Fed. R. Civ. P. 12(b)(2) ........................................................................................................ 3

I.   INTRODUCTION

Soaring Wind Energy, LLC, Tang Energy Group, Ltd., The Nolan Group, Inc., Keith P. Young, Mitchell W. Carter and Jan Family Interests, Ltd.'s ("Movants") Motion to Confirm Arbitration Award must be dismissed against AVIC International Trade & Economic Development, Ltd. ("AVIC TED") because this Court lacks personal jurisdiction. Specifically, Movants have neither alleged nor can they establish that AVIC TED, a Chinese company based in Beijing, China, has had sufficient contacts with Texas to justify this Court exercising personal jurisdiction over it.

II.   FACTUAL BACKGROUND

This matter arises out of a American Arbitration Association ("AAA") Demand filed by Movants on June 13, 2014 against CATIC USA, Inc., *a.k.a.* AVIC International USA, Inc., Aviation Industry of China, China Aviation Industry General Aircraft Co., Ltd., AVIC International Holding Corporation, AVIC International Renewable Energy Corp., Ascendant Renewable Energy Corp., CATIC T.E.D., Ltd., *a.k.a.* AVIC International T.E.D., Ltd., and Paul E. Thompson. The arbitration was predicated on the Limited Liability Company Agreement of Soaring Wind Energy, LLC ("Agreement"). That Agreement was signed by all Movants, Paul Thompson ("Thompson")[1] and AVIC International USA, Inc. ("AVIC USA"). AVIC TED, as well as Aviation Industry Corporation of China, China Aviation Industry General Aircraft Co., Ltd., AVIC International Holding Corporation, AVIC International Renewable Energy Corp., and CATIC T.E.D., Ltd., *a.k.a.* AVIC International T.E.D., Ltd. ("Non-Signatories"), however, did not sign the Agreement. AVIC TED, on multiple occasions, gave notice to the Panel that it objected

---

[1] Thompson disputes that he signed the version of the Agreement upon which Movants rely. In any event, he was found not liable by the arbitration panel ("Panel") for damages. He is not a party to this proceeding.

to the Panel attempting to exercise jurisdiction over it, and as a result declined to participate in the arbitration process.[2]

On September 12, 2014, Ascendant Renewable Energy Corporation ("Ascendant"), also a Non-Signatory, filed a declaratory judgment action in this Court seeking a determination that only a court, and not an arbitration panel, could determine whether it was required to participate in an arbitration predicated upon an agreement it did not sign. On August 7, 2015, this Court ruled for Ascendant, holding that only a court, and not an arbitration panel, could determine whether a non-signatory was required to participate in an arbitration.

The arbitration hearing was held from August 10 to August 14, 2015.[3] AVIC TED again objected to any effort by the Panel to exercise jurisdiction over it, particularly in light of this Court's August 7, 2015 ruling. For that reason, it declined to participate in the arbitration hearing.

On December 21, 2015, the Panel, in a 6-3[4] decision, awarded the Movants $62.9 million plus attorneys' fees.[5] The Panel did not find that AVIC TED was directly liable.[6] Instead, in contravention of this Court's August 7, 2015 ruling, it held that AVIC TED and the other Non-Signatories were the alter ego of AVIC USA and thus jointly and severally liable for the award.

---

[2] See, for example, AVIC TED's Objection filed in the arbitration on or about October 21, 2014, which is attached as Exhibit A, pp. 000001-000004, in the Appendix.

[3] Over objection by all Respondents, the AAA allowed the Movants to select seven of the nine arbitrators who heard this matter.

[4] Not surprisingly, all six of the Panel members voting in favor of the award were arbitrators selected by Movants.

[5] The Movants had originally sought $7.6 billion in damages plus attorneys' fees and expenses.

[6] Attached as Exhibit B, App. 000005-000041, is a copy of the Panel's Final Award ("Award").

### III.        PROCEDURAL HISTORY

On December 21, 2015, Movants filed this action against AVIC USA and the Non-Signatories in an effort to confirm the Award. Nowhere in Movants' Motion is there any assertion that AVIC TED has the necessary contacts with Texas to justify this Court exercising personal jurisdiction over it. On January 28, 2016, Movants filed their Brief in Support of their Motion to Confirm. Again, they did not allege any facts that would justify this Court exercising personal jurisdiction over AVIC TED.

Movants contend that by sending the Brief to undersigned counsel, proper service had been made. AVIC TED disputes it has been validly served because Movants never served it through the Hague Convention as their own Motion Certificate of Service contemplated. *McGuire v. Sigma Coatings*, 48 F.3d 902, 907 (5th Cir. 1995). This Court need not address that issue, however, because as a matter of law it cannot exercise personal jurisdiction over AVIC TED.

On February 22, 2016, all parties stipulated that Respondents, including AVIC TED, had until March 21, 2016 to move, respond or otherwise plead regarding the Movants' Motion.

### IV.        ARGUMENT AND AUTHORITIES

**A.    This Court Must Dismiss Movants' Motion Against AVIC TED Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction.**

"The *Due Process Clause of the Fourteenth Amendment* protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L.Ed. 95 (1945)). The burden of proving this Court has personal jurisdiction over AVIC TED is Movants' and must be shown for each claim. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270-275 (5th Cir. 2006). In determining whether

BRIEF IN SUPPORT OF RESPONDENT AVIC INTERNATIONAL TRADE &
ECONOMIC DEVELOPMENT, LTD.'S MOTION TO DISMISS BASED ON
LACK OF PERSONAL JURISDICTION                                                                                        PAGE 3

personal jurisdiction over a non-resident defendant may be exercised, the Court must consider both the forum state's long-arm statute and federal due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Because Texas' long-arm statute extends to the limits of federal due process, the Court need only perform a due process analysis. *Id.*

"Federal due process requires a plaintiff to prove: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Johnston*, 523 F.3d at 609. Two types of minimum contacts exist: "those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Id.*

### B. The Court Lacks General Jurisdiction Over AVIC TED.

General jurisdiction over a defendant exists only when the defendant's contacts with the forum state are "substantial, continuous, and systematic." *Johnston*, 523 F.3d at 609 (citing *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984)). Recognizing "just how difficult it is to establish general jurisdiction," the Fifth Circuit "has consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Id.* at 610-11. "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Johnston* at 609 (citing *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002)). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id.*

Movants must allege and establish specific facts showing AVIC TED has had continuous and systematic contact with the State of Texas "over a reasonable number of years, up to the date the suit was filed." *Johnston*, 523 F.3d at 609-10 (citing *Access Telecomm, Inc. v. MCI Telcomms.*

*Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)); *see also*, *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000). "But vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston* at 610 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

In 2014, the U.S. Supreme Court again addressed the "general contacts" test for personal jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). In that case, the Supreme Court rejected plaintiff's contention that Daimler's general contacts (through a subsidiary) with California were sufficient to justify the exercise of personal jurisdiction. *Id.*[7] In doing so, the Court held the inquiry under *Goodyear* is not whether a foreign corporation in-forum contacts can be said to be in some sense continuous and systematic, it is whether the corporation affiliations with the state are so continuous and systematic as to render it essentially "at home" in the forum state. *Id.* at 760-761 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2854 (2011)) ("for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."). With respect to a corporation, the place of incorporation and principal place of business are the "paradigm" bases of "at home" jurisdiction. *Id.* at 760-761. The Court further held that even if it was assumed that the subsidiary was "at home" and was performing important functions for the parent or those functions that a parent would have to do absent the subsidiary, it did not by itself give rise to personal jurisdiction over the parent company. *Id.* at 760-762.

---

[7] The Court also rejected that placement of a product into the stream of commerce was sufficient to satisfy the high threshold for general jurisdiction. *Id.* at 757.

Here, Movants' Motion to Confirm and Brief do not contain a single factual allegation about AVIC TED's contacts with Texas, much less the "substantial, continuous and systematic" contacts required for personal jurisdiction. The reason is, they simply do not exist. As Mr. Peng Mu's Declaration, which is attached as <u>Exhibit C</u>, App. 000042-000044, documents, AVIC TED has little or no contacts with Texas. Certainly AVIC TED is not "at home" in Texas as required by *Daimler*. Specifically, there is no dispute that:

(1)  AVIC TED is a limited liability company licensed in China. Its principal place of business is in Beijing, China. All its officers and directors reside in China;

(2)  AVIC TED's primary business is preparing requests for proposals for Chinese companies. These services are almost always performed in China;

(3)  AVIC TED's assets are located entirely in China;

(4)  AVIC TED does not manufacture or market products in Texas;

(5)  AVIC TED has never been a defendant in a lawsuit in Texas;

(6)  AVIC TED has never held licenses, registrations or authorizations to do business in Texas;

(7)  AVIC TED does not have any bank accounts, offices, addresses, telephone numbers, real property, employees or authorized agents in Texas;

(8)  AVIC TED has never advertised or marketed goods in Texas. AVIC TED has never gone to a trade show in Texas;

(9)  AVIC TED has never paid taxes in Texas;

(10)  AVIC TED has never provided goods or services in Texas;

(11)  AVIC TED does not own any subsidiaries which do business in Texas; and

(12)  AVIC TED has never signed any contracts while in Texas.

<u>Ex. C</u>, App. 000042-000043. In sum, the Movants cannot prevail on any claim of general jurisdiction here.

### C. The Movants Cannot Establish Specific Jurisdiction in This Matter Either.

In contrast to general jurisdiction, specific jurisdiction over a non-resident defendant exists when the plaintiff's causes of action arise out of or result from the defendant's forum-related contacts. *See Helicopteros*, 466 U.S. at 414, n. 8. Specific jurisdiction requires a plaintiff to show that: (1) there are sufficient (i.e., not "random fortuitous or attenuated") pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts. *Pervasive Software, Inc.*, 688 F.3d at 221 (specific jurisdiction exists when a non-resident defendant has purposefully directed his activities at the forum state and the plaintiff's alleged injuries derive from those activities); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); and *Alpine View Co. v. Atlas Copco AB*, 205 F.3d at 215. The district court's exercise of specific jurisdiction is appropriate only when the non-resident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). Specific jurisdiction is a claim-specific inquiry and the plaintiff must establish specific jurisdiction as to each claim. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Here, there is no, much less sufficient, pre-litigation connection between Texas and AVIC TED. Further, the Movants do not assert and cannot establish that their claims arise out of AVIC TED's activities or contacts with Texas. As the Fifth Circuit stated in *Alpine View Co.*, "this is a link that specific jurisdiction requires." *Alpine View Co.*, 205 F.3d at 216.

### D. AVIC USA's Contacts with Texas Do Not Provide a Basis for Personal Jurisdiction Over AVIC TED.

Movants cannot avoid dismissal by trying to impute AVIC USA's contacts with Texas to AVIC TED. It is well-settled that a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there, even if the subsidiary is assumed to be "at home." *Daimler*, 134 S. Ct. at 760-762; *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) (the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent); *see also*, *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). "When determining if personal jurisdiction can be imputed through a parent-subsidiary relationship, we begin with a presumption that a subsidiary, even one that is wholly-owned, is independent of its parent for jurisdictional purposes." *Williams v. Portfolio Recovery Assocs., LLC*, C.A. No. 3:11-CV-2421-B, 2012 U.S. Dist. LEXIS 169136 *11, 2012 WL 5986426, at *3 (N.D. Tex. Nov. 29, 2012) (Boyle, J.) (quoting *Gonzalez v. Bank of America Ins. Servs., Inc.*, 454 F. Appx. 295, 300 (5th Cir. 2011)). "[T]o overcome the presumption of institutional independence between related companies, the plaintiff must prove 'domination and control' by 'clear evidence.'" *Johnson v. Verizon Commc'ns Inc.*, C.A. No. 3:10-CV-01764-B, 2011 U.S. Dist. LEXIS 38387 *10, 2011 WL 1343390, at *3 (N.D. Tex. Apr. 7, 2011) (Boyle, J.), quoting *Freudensprung*, 379 F.3d at 346; *see also*, *Williams*, 2012 U.S. Dist. LEXIS 38387 *11. In other words, imputing a subsidiary's contacts to its parent company is not appropriate absent some "additional evidence" or "plus factor" proving the existence of an alter ego relationship. *See*, *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) (requiring proof of "something beyond the subsidiary's mere presence within the bosom of the corporate family").

To satisfy their jurisdictional burden, Movants will undoubtedly assert that this Court may exercise personal jurisdiction over AVIC TED under the "alter ego" theory of personal jurisdiction. Application of the alter ego theory is only appropriate where "the parent corporation exerts such domination and control over its subsidiary that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for purposes of jurisdiction." *Hargrave*, 710 F.2d at 1159 (citation and internal quotation marks omitted). The required degree of control over the subsidiary must be "greater than that normally associated with common ownership and directorship." *Franklin v. Burlington N. & Santa Fe R.R. Co.*, C.A. No. 4:10-CV-618-Y, 2010 U.S. Dist. LEXIS 126944 *9, 2010 WL 4877279, at *3 (N.D. Tex. Dec. 1, 2010) (citing *Hargrave*, 710 F.2d at 1160). To determine whether a party has adduced sufficient evidence to overcome the presumption of separateness and invoke the alter ego theory of personal jurisdiction, this Court analyzes 12 nonexclusive factors (the "*Jon-T* factors"):

(1) Do the parent and the subsidiary have common stock ownership;

(2) Do the parent and the subsidiary have common directors or officers;

(3) Do the parent and the subsidiary have common business departments;

(4) Do the parent and the subsidiary file consolidated financial statements and tax returns;

(5) Does the parent finance the subsidiary;

(6) Did the parent cause the incorporation of the subsidiary;

(7) Does the subsidiary operate with grossly inadequate capital;

(8) Does the parent pay the salaries and other expenses of the subsidiary;

(9) Does the subsidiary receive any business except that given to it by the parent;

(10) Does the parent use the subsidiary's property as its own;

(11) Are the daily operations of the two corporations kept separate; and

    (12)    Does the subsidiary observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

*Gundle Lining Constr. Corp*, 85 F.3d at 208-209 (citing *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691-92 (5th Cir. 1985) (internal citations omitted), *cert. denied*, 475 U.S. 1014, 106 S. Ct. 1194, 89 L.Ed.2d 309 (1986)). Resolution of alter ego issues must be based on a consideration of "the totality of the circumstances." *Id.*; and *Jon-T Chemicals, Inc.*, 768 F.2d at 694.[8]

Applying the *Jon-T* factors to the relationship between AVIC USA and AVIC TED, it is clear that this Court should not exercise personal jurisdiction over AVIC TED. First, it is undisputed that AVIC USA is not a subsidiary of AVIC TED.[9] Moreover, it is undisputed that:

    (1)    AVIC TED and AVIC USA do not have common officers;

    (2)    AVIC TED and AVIC USA do not have a common business department;

    (3)    AVIC TED and AVIC USA do not file joint U.S. tax returns;

    (4)    AVIC TED does not finance AVIC USA;

    (5)    AVIC TED did not cause the incorporation of AVIC USA;

    (6)    AVIC USA operates with adequate capital;

    (7)    AVIC TED does not pay the salaries and other expenses of AVIC USA;

    (8)    AVIC TED does not use AVIC USA's property as its own;

    (9)    The daily operations of AVIC USA and AVIC TED are kept separate; and

    (10)    AVIC USA observes the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

---

[8] It should be noted that the Panel did not find that any of these factors existed vis-à-vis AVIC USA and AVIC TED specifically. Moreover, as Movants concede, AVIC TED is entitled to a new determination by this Court on the question of alter ego for liability purposes.

[9] The *Jon-T* factors do, however, provide the right litmus test for analyzing whether jurisdiction should be imputed. *Gundle Lining Constr. Corp.* at 208, fn. 3.

(*See*, Exhibit D, Declaration of Xuming "Sherman" Zhang, App. 000045-000055; and Ex. C, Declaration of Peng Mu, App. 000042-000044. In a jurisdictional case under very similar factual allegations, a district court found plaintiff had not established a *prima facie* case, much less a showing of clear evidence, that the foreign parent company exercised a greater control over its U.S. subsidiary than that normally exercised by a corporate parent. *Globeranger Corp. v. Software AG*, C.A. No. 3:11-CV-0403-B, 2013 U.S. Dist. LEXIS 54302 *15-18 (N.D. Tex. Apr. 12, 2013). Plaintiff's case was dismissed for failing to establish a *prima facie* case of either specific or general personal jurisdiction. *Id.* Given the above, as a matter of law, AVIC USA's Texas contacts cannot be imputed to AVIC TED for purposes of obtaining personal jurisdiction.

  **E. Exercising Jurisdiction Over AVIC TED Would Offend Traditional Notions of Fair Play and Substantial Justice.**

  As the Supreme Court in *Daimler* pointed out, it is important to consider the transnational context of each particular dispute. *Daimler* at 762. Considerations of international rapport are important to consider in whether to subject AVIC TED to the general jurisdiction of Texas courts. AVIC TED is a Chinese company based in Beijing. To require it to defend itself in Texas, a forum thousands of miles away from its home, and to be subjected to a legal system wholly foreign to it, would be unfair and unjust. It would not be in accord with the "fair play and substantial justice" due process demands. *Daimler* at 763.

## V.     CONCLUSION

For the reasons stated above, AVIC TED requests that the claims against it be dismissed with prejudice and that it be awarded its costs pursuant to 28 U.S.C. § 1919.

Respectfully submitted,

DeWOLF LAW, P.C.

/s/ *Steven K. DeWolf*
Steven K. DeWolf
SBN 05671200
10,000 N. Central Expwy., Suite 1405
Dallas, Texas  75231
Telephone:  (214) 615-4170
Facsimile:  (214) 615-4171
Email:  steve@dewolflaw.com

AND

Randall G. Walters
SBN 20819480
randy.walters@wbclawfirm.com
Gregory R. Ave
SBN 01448900
greg.ave@wbclawfirm.com
WALTERS, BALIDO & CRAIN, L.L.P.
Meadow Park Tower, 15th Floor
10440 N. Central Expressway
Dallas, Texas  75231
Telephone:  (214) 347-8310
Facsimile:  (214) 347-8311

**ATTORNEYS FOR RESPONDENT
AVIC INTERNATIONAL TRADE & ECONOMIC
DEVELOPMENT, LTD.**

ECONOMIC DEVELOPMENT, LTD.'S MOTION TO DISMISS BASED ON
LACK OF PERSONAL JURISDICTION                                                                          PAGE 12**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and accurate copy of the foregoing was served upon all counsel of record in this matter on March 17, 2016 via filing of the same with the Court's CM/ECF system.

              /s/ *Steven K. DeWolf*
              Steven K. DeWolf