IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOARING WIND ENERGY, LLC, TANG ENERGY GROUP, LTD., THE NOLAN GROUP, INC., KEITH P. YOUNG, MITCHELL W. CARTER and JAN FAMILY INTERESTS, LTD., | § § § § § § | |
| Movants, | § § | |
| v. | § § | |
| CATIC USA, INC., a.k.a. AVIC INTERNATIONAL USA, INC., AVIATION INDUSTRY CORPORATION OF CHINA, CHINA AVIATION INDUSTRY GENERAL AIRCRAFT CO., LTD., AVIC INTERNATIONAL HOLDING CORPORATION, AVIC INTERNATIONAL RENEWABLE ENERGY CORP. and CATIC T.E.D., LTD., a.k.a. AVIC INTERNATIONAL, T.E.D., LTD., | § § § § § § § § § § § § § | Civil Action No.  3:15-CV-04033-K |
| Respondents. | § § | |

**REPLY BRIEF OF NON-SIGNATORY RESPONDENTS AVIATION INDUSTRY CORPORATION OF CHINA AND CHINA AVIATION INDUSTRY GENERAL AIRCRAFT CO., LTD. IN SUPPORT OF MOTION TO LIFT STAY AS TO ALL RESPONDENTS**

## TABLE OF CONTENTS

                                                                                                                                                               **Page**

I.    INTRODUCTION ................................................................................................................. 1

II.   AVIC'S AND CAIGA'S MOTION DEMONSTRATED EXTREME PREJUDICE TO THE NON-SIGNATORY RESPONDENTS. CLAIMANTS FAILED TO REBUT THE SHOWING OF PREJUDICE AND THEREBY CONCEDE IT ............................................................................................................... 1

III.  THE LIABILITY OF AVIC USA AND OF THE NON-SIGNATORY RESPONDENTS CANNOT CONCEPTUALLY BE SEPARATED BECAUSE AVIC USA'S LIABILITY IS PREDICATED ON NON-SIGNATORY LIABILITY ...................................................................................................................... 2

IV.  CLAIMANTS' STRATEGY OF SEVERING THE NON-SIGNATORY RESPONDENTS' MOTIONS TO VACATE, AND THEN ARGUING "LAW OF THE CASE" AND LIMITING THE NON-SIGNATORY RESPONDENTS TO DEFENSES ON ENFORCMENT, VIOLATES DUE PROCESS ............................ 3

V.   CLAIMANTS ADMIT THAT PATRICK JENEVEIN MADE THE FALSE AND MISLEADING STATEMENTS ABOUT WHICH THE RESPONDENTS COMPLAIN. CLAIMAINTS' EXCUSES ARE NONSENSICAL. ................................. 4

VI.  CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ascendant Renewable Energy Corp. v. Tang Energy Group, Ltd.*,
   2015 WL 4713240 (N.D. Tex. Aug. 4, 2015) ..........................................................................4

*CMS Software Design Systems, Inc. v. Info Designs, Inc.*,
   785 F.2d 1246 (5th Cir., 1986) ...............................................................................................2

*Donovan v. Oil, Chem., and Atom. Workers Int'l Union.*,
   718 F.2d 1341 (5th Cir. 1983) ................................................................................................2

*Harris County, Texas v. Carmax Auto Superstores, Inc.*,
   177 F.3d 306 (5th Cir. 1999) ..................................................................................................2

*Kaplan v. First Options of Chicago, Inc.*,
   19 F.3d 1503 (3rd Cir. 1993) ..................................................................................................3

Non-Signatory Respondents Aviation Industry Corporation of China ("AVIC") and China Aviation Industry General Aircraft Co., Ltd. ("CAIGA") file this Reply Brief in support of their Motion to Lift Stay as to All Respondents (Dkt 345) (the "Motion").

## I. INTRODUCTION

It is *error* to continue to stay these proceedings as to AVIC, CAIGA and the other Non-Signatory Respondents, and to thereby prevent them from protecting their interests and obtaining relief from the invalid arbitral award (the "Award"). The Non-Signatory Respondents are harmed every day that the unconfirmed Award stands, which harm has only been increased by Patrick Jenevein's series of false and misleading statements about the content and effect of the invalid Award.

The Non-Signatory Respondents have the right to participate in the proceedings, regardless of the outcome, so they can fully vindicate and protect their rights at both the trial and appellate court levels. Contrary to Claimants' contention that Respondents seek *delay,* AVIC, CAIGA and the Non-Signatory Respondents ask the Court to *immediately* lift the stay and to hear *all* of Respondents' pending motions to vacate together. AVIC, CAIGA and the other Non-Signatory Respondents desire to expeditiously vacate the Award and clear their good names.

## II. AVIC'S AND CAIGA'S MOTION DEMONSTRATED EXTREME PREJUDICE TO THE NON-SIGNATORY RESPONDENTS. CLAIMANTS FAILED TO REBUT THE SHOWING OF PREJUDICE AND THEREBY CONCEDE IT

In their Motion (Dkt 345), the Non-Signatory Respondents demonstrated that they will be severely prejudiced if the stay is not lifted as to all Respondents so they may participate in the adjudication of issues affecting their rights. The many grounds of prejudice are set forth in AVIC's and CAIGA's Motion at pages 6-19 (Dkt 345).

Claimants did not try to rebut the showing of the Non-Signatory Respondents' prejudice, because they cannot do so. Claimants have conceded this issue.

### III. THE LIABILITY OF AVIC USA AND OF THE NON-SIGNATORY RESPONDENTS CANNOT CONCEPTUALLY BE SEPARATED BECAUSE AVIC USA'S LIABILITY IS PREDICATED ON NON-SIGNATORY LIABILITY

AVIC and CAIGA's Motion demonstrated that it is conceptually impossible to decouple the liability of AVIC USA from the liability of the Non-Signatory Respondents: in the Award, AVIC USA's liability is predicated upon and inextricably intertwined with, the liability of the Non-Signatory Respondents. (Motion, pp. 8-9 (Dkt 345)) Thus, the liability of AVIC USA cannot be determined without simultaneously considering the Non-Signatory Respondents' arguments, and without adversely impacting the interests of the Non-Signatory Respondents. (Motion, pp. 8-9 (Dkt 345))

Claimants' response is that AVIC USA "stands in a different position as the signatory of the arbitration agreement." (Opposition at p. 2, (Dkt 349)) Tellingly, however, Claimants fail to address the Award's conceptual intertwining of the liability of the AVIC USA and of the Non-Signatory Respondents. The Respondents' briefing on this issue has never been addressed head on.[1] That is because Claimants cannot do so.

Claimants also assert that AVIC USA is different because "AVIC USA appeared and fully participated in the arbitration." *Id.* Claimants' argument fails. It is Law School 101 that a party whose interests are at stake has the right to defend its interests *on its own*. *See Donovan v. Oil, Chem., and Atom. Workers Int'l Union.,* 718 F.2d 1341, 1349 (5th Cir. 1983) ("The word 'parties' usually connotes persons entitled to participate fully in litigation."); *Harris County, Texas v. Carmax Auto Superstores, Inc.,* 177 F.3d 306 (5th Cir. 1999) ("The central reason that one who is not a party to an action in which the injunction was issued cannot be bound by it is that he has not had his day in court *with respect to the validity of the injunction.* Absent an opportunity to contest liability, his knowledge of the injunction is not sufficient to bind him as an individual . . . ") (emphasis in original); *CMS Software Design Systems, Inc. v. Info Designs, Inc.,* 785 F.2d 1246, 1249 (5th Cir., 1986) (copyright owner was denied due process by dismissal

---

[1] (Dkts 240 at 18-22, 259 at 8-10 , 262 at 2, 305 at 8-9, 321 at 3-7, 345 at 12-15)

that precluded it from offering rebuttal evidence on the dispositive affirmative defense; "impinging due process rights").

### IV. CLAIMANTS' STRATEGY OF SEVERING THE NON-SIGNATORY RESPONDENTS' MOTIONS TO VACATE, AND THEN ARGUING "LAW OF THE CASE" AND LIMITING THE NON-SIGNATORY RESPONDENTS TO DEFENSES ON ENFORCMENT, VIOLATES DUE PROCESS

AVIC's and CAIGA's Motion unmasked a two track strategy underlying Claimants' repeated efforts to separate AVIC USA from the Non-Signatory Respondents in the vacatur proceedings.  Claimants hope to:  (1) first confirm the Award against only AVIC USA and then assert that it is "law of the case" and decided "once and for all" as to the Non-Signatories (whose Motions to Vacate would be indefinitely stayed), and (2) skip over the Non-Signatory Respondents' Motions to Vacate (and thereby avoid the many serious issues of jurisdiction, arbitrability, and Claimant misconduct) by enforcing a confirmed AVIC USA award against the Non-Signatory Respondents in a later and more narrow enforcement proceeding where Claimants might argue that the Non-Signatory Respondents' defense should be limited to contesting alter ego liability.  Notably, Claimants do not deny this is their strategy.[2]

It would be a violation of due process if Claimants' strategy were allowed to proceed. The Non-Signatory Respondents are entitled to full and contemporaneous participation in the hearing of *all* Respondents' motions to vacate at both the trial and appellate levels.  This Court should decline Claimants' invitation to commit error.

---

[2] Claimants urge the Court to limit its review to just the AVIC USA motion to vacate and the arbitral record, and to ignore the evidence submitted by the Non-Signatory Respondents in support of their motions to vacate.  As AVIC and CAIGA showed, this is improper. (*See* Dkt 303 at pp. 3-5 and Dkt 321 at pp. 12-13).  Because the Non-Signatory Respondents rightly objected to and did not participate in the arbitration, they did not submit evidence as part of the arbitral record, and are entitled to have that evidence considered at vacatur instead.  *See MCI Telecommunications Corp v. Exalon Indus.*, Inc., 138 F.3d 426, 429-31 (1st Cir. 1998) (a party contesting an agreement to arbitrate preserved its jurisdiction objections by not participating in arbitration; remanding for factual inquiry of whether an arbitration agreement existed); *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1520 at n. 26 (3rd Cir. 1993) ("[t]he district court did not confirm the arbitral award against the Kaplans without giving the parties the opportunity to present additional evidence.")

**AVIC AND CAIGA'S REPLY BRIEF ISO MOTION TO LIFT STAY AS TO ALL RESPONDENTS**

## V. CLAIMANTS ADMIT THAT PATRICK JENEVEIN MADE THE FALSE AND MISLEADING STATEMENTS ABOUT WHICH THE RESPONDENTS COMPLAIN. CLAIMAINTS' EXCUSES ARE NONSENSICAL

In their Motion, AVIC and CAIGA showed that following the issuance of the flawed Award by the illegally constituted "stacked deck" panel, Patrick Jenevein has made repeated false and misleading statements about the content and effect of the Award, trying to convince public and private sector decision makers and thought leaders that "nine jurists" unanimously concluded in a final opinion with precedential value that AVIC, and Chinese companies more generally, do not honor the rule of law or contractual obligations. Mr. Jenevein's false and misleading testimony to the U.S.- China Economic and Security Review Commission of the United States Congress concludes with national policy recommendations that, if adopted, would have far-ranging implications for business relations between Chinese and U.S. companies. (*See* Appendix to Motion (Dkt 346, Chao Decl., ¶ 3, Ex. 2 at pp. 15-16))

Mr. Jenevein's assertion – based on the illegal Award that exceeded the Panel's jurisdiction – that Chinese companies do not observe the "rule of law" is the height of hypocrisy. It was *Claimants* who, contrary to the rule of law, engineered an unprecedented and illegal "stacked deck" 6-3 (or 7-2) tribunal. It was *Claimants* and their six arbitrators who violated this Court's *Ascendant* Order[3] prohibiting them from exercising jurisdiction over the Non-Signatory Respondents absent a *prior Court ruling on arbitrability*.[4] It was *Patrick Jenevein* and Claimant Tang who secretly offered to fund the litigation costs of the other four Claimants on the condition those Claimants gave Mr. Jenevein and his then-lead counsel, Robert Jenevein, veto power over their choice of arbitrator. (Dkt 240 at p. 6 (citing to JR APP. 1111-1113))

Claimants do not deny, because they cannot, that Mr. Jenevein made the false and misleading statements identified in AVIC's and CAIGA's Motion. Instead, Claimants suggest

---

[3] *Ascendant Renewable Energy Corp. v. Tang Energy Group, Ltd.*, 2015 WL 4713240 (N.D. Tex. Aug. 4, 2015)

[4] Three arbitrators, Hon. Mark Whittingon, Hon. Jeff Kaplan, and Hon. Glen Ashworth, refused to accept even a single finding or conclusion in the Award and dissented in *all* respects, including from the majority's decision to exceed their jurisdiction. (Award, p.1, n.1.)

that Mr. Jenevein's false statements can be excused because he is "not a lawyer." (Opposition, p. 5 (Dkt. 349))  However, when presenting prepared testimony to the U.S.- China Economic and Security Review Commission of the United States Congress, or when making public statements to the Council on Foreign Relations or to the press about the alleged liability and business conduct of the Non-Signatories, *falsehoods and misleading statements are inexcusable*.

Mr. Jenevein argues that AVIC is "quibbl[ing] about whether the award was unanimous." (Opposition, p. 5 (Dkt 349))  To the contrary, the issue of unanimity as well as the flawed arbitrator selection process are central to understanding the illegitimacy of the Award.  If Mr. Jenevein's written testimony to the U.S.-China Economic and Security Review Commission had disclosed that the Award was not final, that motions to vacate are pending, and that there are fundamental challenges to the jurisdiction and composition of the Panel, his testimony would have been discounted.  He hid the full facts and circumstances precisely because he wanted to inflict harm on AVIC and the other Non-Signatory Respondents.

## VI. CONCLUSION

Claimants and their leader, Patrick Jenevein, having engineered a "fake arbitration" process unprecedented in U.S. jurisprudence and international arbitration, now seek to lead this Court into error by barring AVIC, CAIGA and the other Non-Signatory Respondents from fully and timely having their motions to vacate heard, even though the flawed Award causes them great and continuing harm.

//
//
//
//
//
//
//
//

AVIC and CAIGA urge this Court to lift the stay as to *all* Respondents so the pending motions to vacate may be heard together as soon as possible.

Dated:  March 10, 2017                                      Respectfully submitted,

DLA Piper LLP (US)

*/s/  Cedric Chao*

CEDRIC CHAO, Lead Counsel (*Pro Hac Vice*)
cedric.chao@dlapiper.com
ISABELLE ORD (*Pro Hac Vice*)
isabelle.ord@dlapiper.com
DAVID CHEIT (*Pro Hac Vice*)
david.cheit@dlapiper.com
KELLIN CHATFIELD (*Pro Hac Vice*)
kellin.chatfield@dlapiper.com

DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA  94105
(415) 836-2500 Main
(415) 836-2501 Facsimile

ELIOT BURRISS
Texas Bar No. 24040611
eli.burriss@dlapiper.com

NICOLE FIGUEROA
Texas Bar No. 24069716
nicole.figueroa@dlapiper.com

DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
(214) 743-4500 Main
(214) 743-4545 Facsimile

**Attorneys for Respondents
AVIATION INDUSTRY CORPORATION OF CHINA and CHINA AVIATION INDUSTRY GENERAL AIRCRAFT CO., LTD**.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system upon all counsel of record that are registered ECF users.

*/s/ Cedric Chao*
Cedric Chao